IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DESMOND NOEL BROPHY,

    Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

    Defendants.

Case No.: 1:25-cv-14666

## COMPLAINT

Plaintiff, DESMOND NOEL BROPHY ("Brophy" or "Plaintiff"), by Plaintiff's undersigned counsel, hereby complains of the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants"), and for Plaintiff's Complaint hereby alleges as follows:

### JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets consumers in the United States, including Illinois, through at least the fully interactive commercial internet stores operating under the Defendant aliases and/or the online marketplace accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase

1

products bearing infringing versions of Plaintiff's copyrighted work. Each of the Defendants has targeted Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, have sold products bearing infringing versions of Plaintiff's federally registered copyrighted work to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois. Additionally, Federal Rule of Civil Procedure 4(k)(2) confers personal jurisdiction over Defendants because the claims asserted herein arise under federal copyright law, Defendants would not be subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction is consistent with the United States Constitution and laws.

## INTRODUCTION

3.  Plaintiff, Desmond Noel Brophy, is the owner of the federal copyright registration that protects the creative content of Plaintiff's image. Brophy is an artist. Plaintiff describes his art as humorous glimpses of society in its unguarded moments captured in oil.

4.  This action has been filed by Plaintiff to combat online copyright infringers who trade upon Plaintiff's reputation, goodwill, and valuable copyright by selling and/or offering for sale products in connection with Plaintiff's image. In addition, the Defendants are selling unauthorized products that are based on and derived from the copyrighted subject matter of Plaintiff's image.

5.  Plaintiff is the owner of United States Copyright Registration No. VA 2-449-335 (the "Desmond Brophy Work") and the registration is attached hereto as **Exhibit 1**. Upon information and belief, the copyright has an effective date that predates the Defendants' acts of copyright infringement.

6. In an effort to illegally profit from the creative content of the Desmond Brophy Work, Defendants have created numerous Defendant Internet Stores and designed them to appear to be selling authorized Desmond Brophy Products.

7. The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal operation. Plaintiff is forced to file this action to combat Defendants' piracy of the Desmond Brophy Work. Plaintiff has been and continues to be irreparably damaged through loss of control over the creative content of the valuable copyright, reputation, goodwill, the quality and ability to license as a result of Defendants' actions and seeks injunctive and monetary relief.

## THE PLAINTIFF

8. Plaintiff, Desmond Noel Brophy, is the owner of the Copyright Registration that protects the creative content of the Desmond Brophy Work. Brophy is an artist. Plaintiff loves to watch people smile as they look at the human condition in the moments of humor that Plaintiff puts on canvas. Plaintiff's art has been sold worldwide.

9. Brophy has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Desmond Brophy Work. As a result, products associated with the Desmond Brophy Work are recognized and exclusively associated by consumers, the public, and the trade as products authorized by Plaintiff (the "Desmond Brophy Products").

3



https://www.desbrophy.co.uk/product/happiness-a-study

10. Plaintiff is the owner of the United States Copyright Registration that covers the Desmond Brophy Work. The Registration is valid, subsisting, and in full force and effect. A true and correct copy of the registration certificate for the Desmond Brophy Work is attached hereto as **Exhibit 1**.

11. In an effort to illegally profit from the creative content of the Desmond Brophy Work, Defendants have created numerous Defendant Internet Stores and have designed them to appear to be selling authorized Desmond Brophy Products. Upon information and belief, Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine Desmond Brophy Products.

12. Plaintiff has invested substantial time, money, and effort in building up and developing consumer awareness, goodwill, and recognition in the Desmond Brophy Work.

13. The success of the Desmond Brophy Work is due in large part to Plaintiff's marketing, promotional, and distribution efforts.

14. As a result of Plaintiff's efforts, the quality of the Desmond Brophy Products, the promotional efforts for Plaintiff's products and designs, press and media coverage, and social

media coverage, members of the public have become familiar with the Desmond Brophy Work and associate it exclusively with Plaintiff.

15. Plaintiff has made efforts to protect Plaintiff's interests in and to the Desmond Brophy Work. No one other than Plaintiff and Plaintiff's licensees are authorized to manufacture, import, export, advertise, create derivative works, offer for sale, or sell any goods utilizing the Desmond Brophy Work without the express written permission of Plaintiff.

## THE DEFENDANTS AND THE DEFENDANTS' UNLAWFUL CONDUCT

16. Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within Illinois and in this judicial district, through the operation of the fully interactive commercial websites and online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell illegal Desmond Brophy Products to consumers within the United States, including Illinois and in this judicial district.

## COUNT I
## COPYRIGHT INFRINGEMENT

17. Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Complaint.

18. The Desmond Brophy Work is an original work and is copyrightable subject matter under 17 U.S.C. § 101 et seq.

19. At all relevant times, Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, including but not limited to the Desmond Brophy

Work, including derivative works. The Desmond Brophy Work is the subject of a valid Copyright Registration Certificate issued by the Register of Copyrights. (**Exhibit 1**).

20. Each Defendant, without the permission or consent of Plaintiff, has sold and continues to sell online pirated derivative works of the copyrighted Desmond Brophy Work. Each Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Each Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §101 et seq.).

21. As a result of each Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504 and to Plaintiff's attorneys' fees and costs pursuant to 17 U.S.C. §505.

22. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiff's copyright and ordering that each Defendant destroy all unauthorized copies.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. Using the Desmond Brophy Work or any reproductions, copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized Desmond Brophy

    Product or is not authorized by Plaintiff to be sold in connection with the Desmond Brophy Work;

b. passing off, inducing, or enabling others to sell or pass off any product or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Desmond Brophy Work;

c. further infringing the Desmond Brophy Work and damaging Plaintiff's goodwill;

d. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, and which directly use the Desmond Brophy Work, and which are derived from Plaintiff's copyright in the Desmond Brophy Work; and

e. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell products or inventory not authorized by Plaintiff which are derived from Plaintiff's copyright in the Desmond Brophy Work;

2) For Judgment in favor of Plaintiff against Defendants that they have: a) willfully infringed Plaintiff's rights in Plaintiff's federally registered copyright pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

3) For Judgment in favor of Plaintiff against Defendants for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be determined at trial;

4) That Plaintiff be awarded Plaintiff's reasonable attorneys' fees and costs; and

5) Award any and all other relief that this Court deems just and proper.

DATED: December 3, 2025　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　*/s/ Keith A. Vogt*
　　　　　　　　　　　　　　　　　　　　　　Keith A. Vogt
　　　　　　　　　　　　　　　　　　　　　　FL Bar No. 1036084 / IL Bar No. 6207971
　　　　　　　　　　　　　　　　　　　　　　Keith A. Vogt PLLC
　　　　　　　　　　　　　　　　　　　　　　15275 Collier Boulevard, Ste. 201-2061
　　　　　　　　　　　　　　　　　　　　　　Naples, Florida 34119-6750
　　　　　　　　　　　　　　　　　　　　　　Telephone: 312-971-6752
　　　　　　　　　　　　　　　　　　　　　　Email: keith@vogtip.com

　　　　　　　　　　　　　　　　　　　　　　**ATTORNEY FOR PLAINTIFF**